{¶ 1} I respectfully dissent from the majority opinion.
 {¶ 2} Pursuant to Crim.R. 43(A), the imposition of sentence is a critical stage of the trial, at which the defendant is entitled to be present. I would find that the September 19, 2002, hearing was part of the sentencing hearing, and that by accepting victim impact testimony despite appellant's absence, the trial court violated Crim.R. 43(A).
 {¶ 3} Further, R.C. 2930.14(B) provides that the court shall consider a victim impact statement along with other factors in determining an order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing hearing, or takes other appropriate action to allow the defendant an opportunity to respond. As appellant was not present at the hearing, he did not have an opportunity to hear the testimony of the victim's parents. Therefore, appellant was unable to determine if such impact testimony contains new material facts, and if so, to respond.
 {¶ 4} I would reverse and remand for re-sentencing.